IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RODNEY DEWAYNE SNEED, #039033, § <br> Plaintiff, § <br> § | | |
| v. § | 3:11-CV-0523-M (BK) | |
| § | | |
| LESLIE COTTON, § <br> Defendant. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for pretrial management. For the reasons set out below, it is recommended that the complaint be dismissed with prejudice as frivolous.

## I. BACKGROUND

Plaintiff, a pre-trial detainee at the Navarro County Justice Center, in Corsicana, Texas, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against Leslie Cotton, Navarro County Sheriff. (Doc. 1 at 1.) The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. Thereafter, to obtain information about the factual basis of the complaint, the Court issued a questionnaire, which Plaintiff has now answered. (Doc. 9.) Subsequently, Plaintiff was released from custody and is presently residing in Corsicana.

The complaint and answers to the questionnaire present multiple claims stemming from the conditions of confinement at the Navarro County Jail. (Doc. 1 at 4.) The complaint requests monetary damages for the alleged unhealthy living conditions and mental stress Plaintiff endured while confined at the Navarro County Jail. (*Id.*)

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(b) and 28 U.S.C. § 1915A(b). Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory . . . ." *Id.* at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers). Even under this most liberal construction, the complaint lacks an arguable basis in law and should be dismissed as frivolous.

A. <u>Sheriff Cotton</u>

Plaintiff sues Sheriff Cotton, the sole defendant in this case, because he "is in charge of the Navarro County Jail" and, as such, "is responsible for the things that go[] on in this jail" and the jail personnel under his supervision. (Doc. 9, Answer 3.) A supervisory government employee is only liable for his or her own misconduct, *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948-49 (2009), and the doctrine of *respondeat superior* does not provide a basis of liability in a section 1983 action. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-95 (1978) (supervisory officials cannot be held vicariously liable for their subordinates' actions under section 1983). Supervisory officials may be held liable only if they (1) affirmatively participate in acts that

cause constitutional deprivation, or (2) implement unconstitutional policies that causally result in plaintiff's injury. *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987).

Here, Plaintiff does not allege facts that indicate Sheriff Cotton's personal involvement or acquiescence in the alleged constitutional deprivations. (Doc. 9, Answer 3-5.) Nor does Plaintiff allege that the Sheriff implemented any unconstitutional policy causing any constitutional deprivation. *Id.* Because Plaintiff impermissibly bases his assertions against Cotton on vicarious liability or *respondeat superior*, his claims against Cotton are without merit.

B.  Conditions of Confinement

Pretrial detainees may bring constitutional challenges "under two alternative theories: as an attack on a 'condition of confinement' or as an 'episodic act or omission.'" *Shepherd v. Dallas County*, 591 F.3d 445, 452 (5th Cir. 2009) (quoting *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 644-45 (5th Cir. 1996) (*en banc*)). In a condition of confinement case, a detainee must establish that the condition amounted to punishment and was not incident to some other legitimate governmental purpose. *Shepherd*, 591 F.3d at 452 (citing *Bell v. Wolfish,* 441 U.S. 520, 535, 538 (1979)). In an episodic act case, a detainee must establish that the defendants acted with subjective deliberate indifference. *Id.*

Here, Plaintiff complains generally of the denial of clean cups and spoons, inadequate cleaning supplies, black mold in the showers and sinks, insufficient amounts of soap, lack of shower shoes, too little and outdated food, the presence of hair and lint in food trays, and interference with visitation. (Doc. 1 at 4; Doc. 9 at 6.) In support of his first claim, Plaintiff states that prison officials will not hand out new cups and spoons with each meal, and that he has to re-use the same "throw away spoons and cups" for a month at a time. *Id.*.

3

Even assuming Plaintiff seeks to allege a condition of confinement case, none of the complained of conditions is more than a *de minimis* violation. *See Duvall v. Dallas County*, 631 F.3d 203, 208 (5th Cir. 2011).

> The *de minimis* exception provides a significant threshold to liability:
>
> [I]solated examples of illness, injury, or even death, standing alone, cannot prove that conditions of confinement are constitutionally inadequate. Nor can the incidence of diseases or infection, standing alone, imply unconstitutional confinement conditions, since any densely populated residence may be subject to outbreaks .... Rather, a detainee challenging jail conditions must demonstrate a pervasive pattern of serious deficiencies in providing for his basic human needs.

*Id.* (quoting *Shepherd*, 591 F.3d at 454).

Plaintiff has not alleged a persistent failure to provide for his basic human needs or conditions amounting to punishment. Having failed to allege more than *de minimis* incidents, his allegations are insufficient to raise a claim for constitutional violation. Therefore, his condition of confinement claims lack an arguable basis in law and should be dismissed as frivolous.

    C.    <u>Inadequate Law Library</u>

Next Plaintiff alleges that he has been denied access to an adequate law library. (Doc. 1 at 4.) He states the jail law library contains only outdated books from 2005, and that he has "the right to research the law" to make sure his appointed attorney is advising him correctly in connection with the criminal charges presently pending against him. (Doc. 9 Answer 8.) Plaintiff's claim lacks an arguable basis in law. When a criminal defendant is represented by counsel, he has no constitutional right of access to a law library in connection with his criminal proceedings. *See Caraballo v. Federal Bureau of Prisons*, 124 Fed. Appx. 284, 285 (5th Cir. 2005) (unpublished *per curiam*) (inmate who was represented by court-appointed counsel had no

4

constitutional right of access to law library in preparing his defense).

Nor can Plaintiff raise a claim of denial of access to the court. While prisoners have a fundamental constitutional right to adequate, effective, and meaningful access to the courts, *see Bounds v. Smith*, 430 U.S. 817, 822-3(1977), the right is limited to "encompass[] only 'a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement.'" *Johnson v. Rodriguez*, 110 F.3d 299, 310-11 (5th Cir. 1997) (quoting *Lewis v. Casey*, 518 U.S. 343, 355 (1996)). Plaintiff does not allege that he was unable to challenge a prior conviction or the conditions of his confinement. In addition, he does not allege that his position as a litigant was prejudiced in any way during his pre-trial detention. *See Lewis*, 518 U.S. at 351 (to prevail, an inmate must demonstrate that he suffered an "actual injury" -- i.e. that the denial of access "hindered his efforts to pursue a legal claim").

Accordingly, Plaintiff's claims of denial of access to the law library lack an arguable basis in law and should be dismissed with prejudice as frivolous.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the complaint be **DISMISSED** with prejudice as frivolous. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[1]

---

[1] Section1915(g), which is commonly known as the "three-strikes" provision, provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

5

SIGNED April 14, 2011.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE